H. T. HENTON & SON, Respondents, v. W. J. SPEAR-MAN, Defendant; NICHOLS & SHEPARD COMPANY, Interpleaders, Appellants.

**Kansas City Court of Appeals, May 6, 1895.**

Chattel Mortgage: LEVY ON MORTGAGED PROPERTY: DEPRECIATION: EVIDENCE. *Held*, under the evidence in this case as to whether there had been such unreasonable depreciation in the value of the mortgaged property as entitled the mortgagee to interplead for the same when it was levied on by the attaching creditor of the mortgagor, was a question for the jury.

*Appeal from the Bates Circuit Court.*—HON. JAS. H. LAY, Judge.

REVERSED AND REMANDED.

*Francisco Bros.* for appellant.

(1) The peremptory instruction to find for plaintiff was not the law. *Kirkendall v. Hartsock*, 58 Mo. App. 234; *Jackson v. Ins. Co.*, 27 Mo. App. 62; *Watson v. Railroad*, 32 Mo. App. 634; *Huckshold v. Railroad*, 90 Mo. 548; *Rim v. Railroad*, 100 Mo. 228; *Wilkerson v. Railroad*, 26 Mo. App. 144; *Taylor v. Short*, 38 Mo. App. 21; *Grant v. Railroad*, 25 Mo. App. 227; *Matthews v. Railroad*, 26 Mo. App. 75; *Trohey v. Fruin*, 96 Mo. 104; *Charles v. Patch*, 87 Mo. 450; *Worley ex rel. v. Watson*, 22 Mo. App. 546; *Albert v. Besel*, 88 Mo. 150; *Bank v. Metcalf et al.*, 40 Mo. App. 494. (2) The title to

a chattel, after conditions broken, passes to mortgagee, so that he can maintain replevin against the mortgagor or any other person. *Buddington v. Mostbrook*, 17 Mo. App. 578; *Kausman v. Hope*, 20 Mo. App. 193–198; 3 Am. and Eng. Encyclopedia of Law, pp. 202, 203; *McCandless v. Moore et al.*, 50 Mo. 511.

*Thos. J. Smith* for respondent.

(1)    The right of recovery is limited by the terms of the pleading upon which appellant sought to recover in this case, and if there were shown no unreasonable depreciation in the value of the stock there could be no recovery upon any other grounds not pleaded. *Pier v. Heinrichoffen*, 52 Mo. 333; *Nichols, Sheperd & Co. v. Larkins*, 79 Mo. 267 (271); *Beckham v. Ins. Co.*, 49 Mo. App. 604 (607). (2)    The evidence utterly fails to show any perceptible depreciation in the value of the mortgaged goods after the execution of the mortgage, and the peremptory instruction was, therefore, properly given.    The only evidence of even the slight depreciation incident to the removal of the stock under the constable's execution was prior to the execution of the mortgage.    *Watson v. Railroad*, 32 Mo. App. 634.

SMITH, P. J.—The plaintiff brought suit by attachment against defendant Spearman, and caused the writ to be levied on certain personal property.    Nichols & Shepard Company filed an interplea in the cause, claiming the attached property, under a certain chattel mortgage.

The answer alleged, among other things, that it was provided in their said mortgage that in case of an "unreasonable depreciation" in the value of the mortgaged property, the mortgagee might take the same into his possession.    It was further alleged that there

had been such unreasonable depreciation, whereby the interpleader became entitled to the possession of said property, as assignee of John Taggart, the mortgagee named in the mortgage. There was a general denial of the answer. There was a trial and judgment for plaintiff. Interpleader appealed.

At the conclusion of the evidence, the court, on behalf of the plaintiff, gave a peremptory instruction to the jury, telling them that the interpleader claimed the possession of the property, on the ground that there had been an unreasonable depreciation in the value thereof, at the time the suit was brought, and that, though the evidence in that regard be true, it failed to show such unreasonable depreciation, and therefore they must find for the plaintiff.

Whether there was such depreciation in the value of the mortgaged property was a question to be.left to the jury, if there was any evidence to warrant the same. The evidence tended to show that the mortgaged property consisted of a stock of merchandise; that part of this stock was taken out of the possession of the mortgagor and carted away to a neighboring town by a constable, under a writ of attachment. The stock covered by the mortgage was thus broken and depleted.

There was testimony tending to show that the removal of the goods from the one town to the other had the effect to depreciate the value. There was also some evidence tending to show that some of the articles of merchandise removed were perishable and were subject to depreciation in value by the removal. The jury should have been allowed to say whether from all the facts and circumstances in evidence, the seizure and removal of part of the property had the effect to unreasonably depreciate such property in its entirety. It seems to us the evidence was sufficient to have justified the submission of the case by the court to the jury.

It can not be said there was no evidence by plaintiff tending to support the affirmative of the issue.

We think the court erred in withdrawing the case from the jury and it therefore results that the judgment must be reversed and the cause remanded. All concur.